```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JEREMIAH F. KANE,                   )
   as Guardian Ad Litem of K.J.     )  Civil Action
   and I.J.P also known as I.P.,    )  No. 12-cv-06649
   Both Minors,                     )
                                    )
               Plaintiff            )
                                    )
     vs.                            )
                                    )
CHESTER COUNTY DEPARTMENT OF        )
   CHILDREN, YOUTH AND FAMILIES;    )
SARAH SCOTTO, Caseworker;           )
SANDRA THOMAS, Supervisor;          )
THE CHILDREN'S HOME OF READING      )
   YOUTH & FAMILY SERVICES, INC.;   )
MICHAEL ROCK, CHOR Case Manager;    )
TRISTA MORRISSEY;                   )
CARMEN RIVERA, Supervisor;          )
KATHRYN REECE, Caseworker;          )
NANCY WARWICK, Caseworker; and      )
SHADELL QUINONES, Supervisor,       )
                                    )
               Defendants           )
```

**O R D E R**

NOW, this 31st day of March, 2014 upon consideration of the following documents:

    (1) Motion of Defendants, the Children's Home of Reading Youth and Family Services, Inc., Michael Rock and Trista Morrissey, to Dismiss Plaintiff's Second Amended Complaint Pursuant to Rule 12(b)(6) and (b)(1) of the Federal Rules of Civil Procedure filed March 25, 2013 ("CHOR Motion to Dismiss") (Document 30);

        Plaintiff['s] Amended Response to the Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Rule 12(b)(6) and (b)(1) of the Federal Rules of Civil Procedure of Defendants The Children's Home of Reading Youth & Family Services, Inc.,

>   Trista Morrissey and Michael Rock, which
>   response was filed April 8, 2013
>   ("Plaintiff's Response to CHOR Motion to
>   Dismiss")(Document 33);

(2) Motion to Dismiss Second Amended Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure of Defendants The Chester County Department of Children, Youth and Families and Its Employees, Sarah Scotto, Sandra Thomas, Carmen Rivera, Nancy Reece, Katheryn Warwick and Shadell Quinones filed March 26, 2013 ("CYF Motion to Dismiss")(Document 31);

>   Plaintiff['s] Response in Opposition to the
>   Motion to Dismiss Plaintiff's Second Amended
>   Complaint Pursuant to Rule 12(b)(6) of the
>   Federal Rules of Civil Procedure of
>   Defendants The Chester County Department of
>   Children, Youth & Families and Its Employees,
>   Sarah Scotto, Sandra Thomas, Carmen Rivera,
>   Nancy Reece, Katherine Warwick and Shadell
>   Quinones, which response was filed April 9,
>   2013 ("Plaintiff's Response to CYF Motion to
>   Dismiss")(Document 34); and

(4) Plaintiff's Second Amended Complaint, filed March 6, 2013 (Document 27);

and for the reasons expressed in the accompanying Opinion,

IT IS ORDERED that the CYF Motion to Dismiss is granted in part and denied in part.

IT IS FURTHER ORDERED that the CYF Motion to Dismiss is granted to the extent that it seeks dismissal of claims in the Second Amended Complaint against CYF as an improper defendant.

IT IS FURTHER ORDERED that the claims in the Second Amended Complaint against CYF are dismissed.

IT IS FURTHER ORDERED that the CYF Motion to Dismiss is granted to the extent that it seeks dismissal of plaintiff's

claims in Count I of the Second Amended Complaint based on Monell liability for policy or custom, Monell liability for failure to train under a pattern of violation theory, and state-created-danger liability.

IT IS FURTHER ORDERED that the claims against CYF in Count I for Monell liability for policy or custom, and Monell liability for failure to train under a pattern of violation theory are dismissed.

IT IS FURTHER ORDERED that the claim against CYF in Count I for Section 1983 liability for state-created danger is dismissed with prejudice.

IT IS FURTHER ORDERED that the CYF Motion to Dismiss is denied to the extent that it seeks dismissal of plaintiff's claim in Count I of the Second Amended Complaint based on Monell liability for failure to train under a single violation theory.

IT IS FURTHER ORDERED that the CYF Motion to Dismiss is granted to the extent that it seeks dismissal of plaintiff's claims in Counts II and III of the Second Amended Complaint against CYF.

IT IS FURTHER ORDERED that the claims against defendant CYF in Count II for intentional infliction of emotional distress and in Count III for breach of fiduciary duty are dismissed.

IT IS FURTHER ORDERED that the CYF Motion to Dismiss is granted to the extent that it seeks dismissal of the claim in

Count II of the Second Amended Complaint for intentional infliction of emotional distress with regard to minor I.J.P.

IT IS FURTHER ORDERED that the claim against the individual CYF defendants in Count II for intentional infliction of emotional distress with regard to minor I.J.P. is dismissed.

IT IS FURTHER ORDERED that the CYF Motion to Dismiss is denied to the extent that it seeks dismissal of the claim in Count II of the Second Amended Complaint for intentional infliction of emotional distress with regard to minor K.J.

IT IS FURTHER ORDERED that the CYF Motion to Dismiss is denied to the extent that it seeks dismissal of the claim in Count III of the Second Amended Complaint for breach of fiduciary duty against the individual CYF defendants.

IT IS FURTHER ORDERED that the CYF Motion to Dismiss is granted to the extent it seeks qualified immunity for all claims against the individual defendants in their official capacities.

IT IS FURTHER ORDERED that all claims against the individual CYF defendants in their official capacities are dismissed.

IT IS FURTHER ORDERED that the CYF Motion to Dismiss is granted to the extent that it seeks qualified immunity in Count I of the Second Amended Complaint for the individual CYF defendants in their individual capacities.

IT IS FURTHER ORDERED that Count I of the Second Amended Complaint for Section 1983 liability against the CYF defendants in their individual capacities is dismissed.

IT IS FURTHER ORDERED that the CYF Motion to Dismiss is denied to the extent that it seeks qualified immunity in Counts II and III of the Second Amended Complaint for the individual defendants in their individual capacities.

IT IS FURTHER ORDERED that the CHOR Motion to Dismiss is granted in part and denied in part.

IT IS FURTHER ORDERED that the CHOR Motion to Dismiss is granted to the extent that it seeks dismissal of Count I of the Second Amended Complaint based on state-created-danger liability.

IT IS FURTHER ORDERED that the claim against CHOR in Count I for Section 1983 liability for state-created-danger is dismissed with prejudice.

IT IS FURTHER ORDERED that the CHOR Motion to Dismiss is granted to the extent that it seeks dismissal of the claim in Count II of the Second Amended Complaint for intentional infliction of emotional distress with regard to minor I.J.P.

IT IS FURTHER ORDERED that the claim against the CHOR defendants in Count II for intentional infliction of emotional distress with regard to minor I.J.P. is dismissed.

IT IS FURTHER ORDERED that the CHOR Motion to Dismiss is denied to the extent that it seeks dismissal of the claim in

Count II of the Second Amended Complaint for intentional infliction of emotional distress with regard to minor K.J.

IT IS FURTHER ORDERED that the CHOR Motion to Dismiss is denied to the extent that it seeks dismissal of the claim in Count III of the Second Amended Complaint for breach of fiduciary duty.

IT IS FURTHER ORDERED that the CHOR Motion to Dismiss is granted to the extent that it seeks qualified immunity for all claims against the individual defendants in their official capacities.

IT IS FURTHER ORDERED that all claims against the individual CHOR defendants in their official capacities are dismissed.

IT IS FURTHER ORDERED that the CHOR Motion to Dismiss is granted to the extent that it seeks qualified immunity in Count I of the Second Amended Complaint for the individual defendants in their individual capacities.

IT IS FURTHER ORDERED that Count I of the Second Amended Complaint for Section 1983 liability against the CHOR defendants in their individual capacities is dismissed.

IT IS FURTHER ORDERED that the CHOR Motion to Dismiss is denied to the extent that it seeks qualified immunity in Counts II and III of the Second Amended Complaint for the individual defendants in their individual capacities.

IT IS FURTHER ORDERED that plaintiff shall have until April 22, 2014 to file an amended complaint which (1) includes Chester County, Pennsylvania as a defendant; (2) avers the factual and legal basis for a <u>Monell</u> municipal liability claim based on a policy or custom theory; (3) delineates against which defendant or defendants the municipal liability claim is being asserted; (4) avers the factual and legal basis for a failure-to-train claim under a pattern-of-liability theory; (5) delineates against which defendant or defendants the failure-to-train claim is being asserted; and (6) avers the factual and legal basis for a claim of intentional infliction of emotional distress regarding minor I.J.P. under Pennsylvania state law.[1]

                                                BY THE COURT:


                                                /s/ JAMES KNOLL GARDNER  
                                                James Knoll Gardner  
                                                United States District Judge

---

[1] Because there is no possible factual or legal basis under the facts alleged in plaintiff's Second Amended Complaint under which plaintiff can plead a Section 1983 constitutional violation against the CYF defendants and the CHOR defendants based upon a claim for state-created danger, and for the reasons articulated in the accompanying Opinion, I dismiss plaintiff's claims on that theory against both defendants with prejudice and do not grant him leave to file a Third Amended Complaint on that theory.