UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

JEREMIAH F. KANE,                                   :
as Guardian ad litem of K.J. and I.J.P.,            :
also known as I.P., both minors,                    :    CIVIL ACTION
                                                    :
               Plaintiff,                       :
               v.                               :    No. 12-cv-6649
                                                    :
COUNTY OF CHESTER, PENNSYLVANIA;                    :
SARAH SCOTTO, Caseworker;                           :
SANDRA THOMAS, Supervisor;                          :
THE CHILDREN'S HOME OF READING                      :
YOUTH AND FAMILY SERVICES, INC.;                    :
MICHAEL ROCK, CHOR Case Manager;                    :
TRISTA MORRISSEY;                                   :
CARMEN RIVERA, Supervisor;                          :
KATHRYN REECE, Caseworker;                          :
NANCY WARWICK, Caseworker; and                      :
SHADELL QUINONES, Supervisor,                       :
                                                    :
               Defendants.                      :
_____


**JOSEPH F. LEESON, JR.**                                          July 1, 2015
**United States District Judge**

### MEMORANDUM OPINION & ORDER

**I.    INTRODUCTION**

      This matter is before the Court on the Motion of Defendants The Children's Home of Reading Youth and Family Services, Inc., Michael Rock, and Trista Morrissey (collectively "the CHOR Defendants"), to Partially Dismiss and Strike the Fourth Amended Complaint. ECF No. 57. Also before the Court is the Motion of Defendants County of Chester, Pennsylvania, Sarah Scotto, Sandra Thomas, Carmen Rivera, Nancy Reece, Katheryn Warwick, and Shadell

1

Quinones (collectively "the County Defendants"), to Strike and/or Dismiss Portions of the Plaintiff's Fourth Amended Complaint. ECF No. 58.

The factual and procedural background of this case is comprehensively summarized in the Honorable James Knoll Gardner's March 31, 2014, Opinion. 7-9; 12-19. ECF No. 42. In the Order accompanying that Opinion, the Court denied in part and granted in part the County Defendants'[1] and the CHOR Defendants' respective motions to dismiss the Second Amended Complaint. ECF No. 43. After the Court issued its Opinion and Order, Plaintiff filed a Third Amended Complaint, ECF No. 44, and all Defendants filed motions to dismiss that complaint, ECF Nos. 46, 47, 48. On January 13, 2015, the Court issued an order and stipulation in which the parties consented to the filing by Plaintiff of a Fourth Amended Complaint. ECF No. 55. After Plaintiff filed the Fourth Amended Complaint, ECF No. 56, the County Defendants and the CHOR Defendants filed the motions now under consideration. On March 12, 2015, the case was reassigned from the calendar of the Honorable James Knoll Gardner to the calendar of the undersigned. ECF No. 64.

For the reasons that follow, the Court will grant in part and deny in part Defendants' motions to dismiss and/or strike.

---

[1] The Second Amended Complaint named "Chester County Department of Children, Youth and Families" ("CYF") as a defendant. The Court's March 31, 2014, Opinion found that CYF is not a legal entity separate from the County of Chester and granted Plaintiff leave to amend the complaint to include the County of Chester as a proper defendant in place of CYF. Op. 24-25. Accordingly, the Fourth Amended Complaint names the County of Chester as a Defendant and removes CYF from the caption. For the sake of convenience, this Memorandum will refer to "the County" throughout and, when quoting earlier documents, will substitute "the County" for all references to "CYF."

2

## II. STANDARD OF REVIEW

### A. Motion to Dismiss

The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)). This Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted).

In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Court subsequently laid out a two-part approach to reviewing a motion to dismiss under Rule 12(b)(6).

First, the Court observed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. at 678. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive the motion; "instead, 'a complaint must allege facts suggestive of [the proscribed] conduct.'" Id.; Phillips, 515 F.3d at 233 (quoting Twombly, 550 U.S. at 563 n.8). While Rule 8, which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," was "a notable and generous departure from the hyper-technical,

code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79 ("Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (citing Twombly, 550 U.S. at 555)); see Fed. R. Civ. P. 8(a)(2). For "without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests." Phillips, 515 F.3d 224, 232 (citing Twombly, 550 U.S. at 555 n.3).

Second, the Court emphasized, "only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 678. Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 555). This is because Rule 8(a)(2) "requires not merely a short and plain statement, but instead mandates a statement 'showing that the pleader is entitled to relief.'" See id., 515 F.3d at 234 (quoting Fed. R. Civ. P. 8(a)(2)). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "Detailed factual allegations" are not required, id. at 678 (quoting Twombly, 550 U.S. at 555), but a claim must be "nudged . . . across the line from conceivable to plausible," id. at 680 (quoting Twombly, 550 U.S. at 570).

"The plausibility standard is not akin to a 'probability requirement,'" but there must be "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678 (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a

4

defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557)).

  B.  Motion to Strike

Under Federal Rule of Civil Procedure 12(f) "redundant, immaterial, impertinent or scandalous" material may be stricken from a pleading. Fed. R. Civ. P. 12(f). Although generally not favored by courts, when allegations found in a pleading are so unrelated to the plaintiff's claims as to be "unworthy of any consideration," a motion to strike pursuant to Rule 12(f) is appropriate. Johnson v. Anhorn, 334 F. Supp. 2d 802, 809 (E.D. Pa. 2004).

**III.  THE CHOR DEFENDANTS' MOTION**

The CHOR Defendants move that Count I of the Fourth Amended Complaint, which alleges violations of Section 1983 by both the County and CHOR,[2] be dismissed and stricken with prejudice as to CHOR. CHOR Defs.' Mem. Supp. Mot. Dismiss 5-8, Jan. 28, 2015, ECF No. 57-2. The CHOR Defendants contend that Count I is based on a "new, previously unpled theory" which did not appear in Plaintiff's Second Amended Complaint and which Plaintiff was not granted leave to add. Id. at 6. In response, Plaintiff argues that in light of the Court's March 31, 2014, Opinion, "Plaintiff should be allowed to proceed against CHOR in Count I on a failure to train under a single-violation theory as the reasoning applied by the Court to that theory in dealing with [the County's] Motion would be equally applicable to CHOR." Pl.'s Mem. Opp'n CHOR Mot. 8, Feb. 11, 2015, ECF No. 63.

---

[2]  Count I of the Fourth Amended Complaint alleges violations of Section 1983 against only CHOR and Chester County, and not against the individual CHOR Defendants and County Defendants.

5

The Court's March 31, 2014, Opinion includes a detailed analysis of the claims raised in Count I of Plaintiff's Second Amended Complaint, which alleged violations of Section 1983 by "all defendants." The Court considered Plaintiff's allegations in Count I under the following theories: (1) state-created danger; (2) Monell[3] municipal liability based on a policy or custom; and (3) Monell liability for failure to train based on (a) a pattern-of-violation theory and (b) a single-violation theory. Op. 25-38. The Court noted that,

> [a]lthough plaintiff did not delineate in his Second Amended Complaint which theories of liability were asserted against which defendants, Plaintiff's Response to [the County] Motion to Dismiss argues that the [County] defendants are liable under Monell for a policy or custom, failure to train, and a state-created-danger theory. Plaintiff's Response to [the] CHOR Motion to Dismiss argues only that the CHOR defendants are liable under a state-created-danger theory.

Id. at 26 n.52.

Accordingly, the Court considered Plaintiff's state-created-danger claims as to both the CHOR Defendants and the County Defendants, but it considered Plaintiff's Monell claims only as to the County Defendants. Id. at 26-38.

The Court dismissed with prejudice Plaintiff's state-created-danger claims against both the CHOR Defendants and the County Defendants. Id. at 38. With respect to Plaintiff's Monell claims, the Court concluded that Plaintiff had failed to state a claim with respect to the Monell allegations based on either a policy or custom theory or a failure to train under a pattern-of-violation theory, and the Court dismissed these claims without prejudice.[4] Id. at 29, 31. However, the Court found that Plaintiff had successfully stated a Monell claim against the County under a failure to train, single-violation theory when Plaintiff alleged that "defendants

---

[3] Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978).
[4] The Court granted Plaintiff leave to aver the factual and legal basis for a Monell claim based on a policy or custom theory; to aver the factual and legal basis for a Monell failure to train claim under a pattern-of-violations theory; and to delineate which defendant or defendants against whom Plaintiff is asserting such claims. Id. at 29, 31.

6

failed to properly train and apprise their respective employees as to the employees' duty to report to guardians ad litem and to the court on a timely basis and failed to provide caseworkers and supervisors with the necessary training for supervising and assisting children who experience inappropriate sexual conduct." Id. at 31-32 (citing Pl.'s Second Am. Compl. ¶ 55(b)(i)-(ii)). The Court explained that in order to properly allege a failure to train, single-violation claim, Plaintiff "must show that the need for the county to provide specific training in order to avoid constitutional injury was 'highly predictable' or 'patently obvious.'" Id. (quoting Connick v. Thompson, 131 S. Ct. 1350, 1360 (2011)). The Court found that a "violation of a child's constitutional rights could be a highly predictable consequence of the child being subject to continued inappropriate sexual conduct" and accordingly found that Plaintiff had "sufficiently stated a claim for a failure to train under a 'single-violation' theory." Id. at 33. The Court summarized by observing that, as a result of its ruling in this respect, the following claim remained in Count I: "a claim . . . against [the County] for Monell municipal liability under a single-violation theory of liability." Id. at 6. The Court also stated, in summary, that with respect to Count I it granted Plaintiff leave to amend his complaint "consistent with this Opinion."[5] Id. at 54.

In light of the foregoing, it is evident that the Second Amended Complaint asserted a failure to train, single-violation Monell claim against only the County and not against CHOR; that the Court's March 31, 2014, Opinion dismissed the only claim asserted against CHOR in Count I of the Second Amended Complaint, namely a claim based on a state-created-danger theory, without leave to amend; and that the Court granted Plaintiff leave to amend with respect

---

5   Specifically, as indicated above, the Court granted Plaintiff leave to amend with respect to his policy or custom Monell claim and his failure to train, pattern-of-violations Monell claim. Id. at 29, 31.

7

to Count I only insofar as such amendment was "consistent with [the Court's] Opinion." Accordingly, the CHOR Defendants are correct that the Fourth Amended Complaint now seeks to assert a Section 1983 claim against CHOR on the basis of a new, previously unpled theory, and that this amendment is not consistent with the Court's March 31, 2014, Opinion.

However, the reasoning applied by the Court in its March 31, 2014, Opinion to Plaintiff's failure to train, single-violation Monell claim against the County would have been equally applicable to a failure to train, single-violation claim against CHOR, if Plaintiff had indeed asserted such a claim. Likewise, Paragraphs 55(b)(i) and 55(b)(ii) of the Second Amended Complaint, cited by the Court in its March 31, 2014, Opinion as encapsulating Plaintiff's failure to train, single-violation claim against the County, evidently could apply to both the County and CHOR. Accordingly, after the Court filed its March 31, 2014, Opinion, if Plaintiff had sought leave to add a failure to train, single-violation theory cause of action against CHOR, the Court likely would have granted Plaintiff's request, in view of the command of Federal Rule of Civil Procedure 15(a)(2) that leave to amend should be "freely give[n]." Plaintiff did not seek such leave, however, but rather added the failure to train, single-violation claim against CHOR in the Fourth Amended Complaint without leave of the Court and without the consent of the CHOR Defendants, in contravention of Rule 15(a)(2).

"Generally, an amendment which does not conform to Rule 15(a) 'is without legal effect and any new matter it contains will not be considered unless the amendment is re-submitted for the Court's approval.'" Schuylkill Skyport Inn, Inc. v. Rich, No. CIV. A. 95-3128, 1996 WL 502280, at *2 (E.D. Pa. Aug. 21, 1996) (quoting Straub v. Desa Indus., Inc., 88 F.R.D. 6, 8 (M.D. Pa 1980)). "Nevertheless, 'some courts have held that an untimely amended pleading served without judicial permission may be considered as properly introduced when leave to

8

amend would have been granted had it been sought, and when it does not appear that any of the parties will be prejudiced by allowing the change.'" Id. (quoting Straub, 88 F.R.D. at 8); see also Sklar v. Hayes, 1 F.R.D. 594, 596 (E.D. Pa. 1941) ("In the interests of expediency as well as justice, since I am decided that leave to amend would have been granted had it been sought, the amended or supplemental pleadings will be allowed to remain."). The Court of Appeals for the Third Circuit has stated that "prejudice to the non-moving party is the touchstone for the denial of an amendment." Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993) (quoting Cornell & Co. v. Occupational Safety & Health Rev. Comm'n, 573 F.2d 820, 823 (3d Cir. 1978)). Here, although Plaintiff acted "without authority or reason," see Sklar, 1 F.R.D. at 596, in amending Count I to include CHOR, it does not appear that the CHOR Defendants have been prejudiced by Plaintiff's action.[6] Accordingly, the Court will accept Plaintiff's amendment of Count I in the Fourth Amended Complaint and will deny the CHOR Defendants' Motion to Dismiss Count I as to CHOR.

The CHOR Defendants also move to strike selected passages from the Fourth Amended Complaint as redundant, immaterial, impertinent, or scandalous, identified in subparagraphs (A) through (H) in the CHOR Defendants' Memorandum of Law. CHOR Mem. 8-10. First, under subparagraph (A), the CHOR Defendants move to strike the word "both" at page 4, paragraph 14(a), line 1 of the Fourth Amended Complaint. CHOR Mem. 9. Plaintiff does not object to this correction, Pl.'s Mem. Opp'n CHOR Mot. 9, and the CHOR Defendants' Motion will be granted to this extent.

---

[6] In order to show prejudice, a party must show "that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely." Schuylkill Skyport Inn Inc., 1996 WL 502280, at *3 (quoting Thompson v. Glenmede Trust Co., Civ.A. No. 92–5233, 1994 WL 675186 (E.D. Pa. Nov. 23, 1994)).

9

The Court will decline to strike the passages identified in subparagraphs (B) through (H), however, because these are not clearly unrelated to the remaining claims in the case and because courts have generally declined to "expend time and effort pruning or polishing the pleadings." Zaloga v. Borough of Moosic, No. 3:10-CV-2604, 2013 WL 1909538, at *6 (M.D. Pa. May 8, 2013) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (3d. ed. 2004)). For the sake of clarity, however, the Court reiterates that Plaintiff's Section 1983 claim in Count I against the individual defendants Scotto, Thomas, Rock, Morrissey, Rivera, Reece, Warwick, and Quinones was dismissed in the Court's March 31, 2014, ruling, Op. 48-51, and that as a result of that ruling and the present ruling, Plaintiff's Section 1983 claim in Count I is limited to a Monell municipal liability claim under a failure to train, single-violation theory against the County of Chester and CHOR.

## IV. COUNTY OF CHESTER DEFENDANTS' MOTION

The County Defendants move to strike and/or dismiss several aspects of the Fourth Amended Complaint. First, under Count I, the County Defendants request that paragraphs 55 and 55(b) be stricken and that Plaintiff be limited to asserting a failure to train, single-violation theory of liability under Monell. County Defs.' Mem. Supp. Mot. Dismiss 6, Jan. 28, 2015, ECF No. 58. The Court agrees, and Plaintiff acknowledges,[7] that Plaintiff is limited to asserting a failure to train, single-violation theory of liability under Monell in Count I. However, the Court will decline to strike paragraphs 55 and 55(b), as these are not clearly unrelated to the remaining

---

[7] Plaintiff observes that he "understands that he is bound at this stage by [the Court's March 31, 2014,] ruling and all of the allegations set forth in Count I of the Fourth Amended Complaint go to the issue of whether there exists a 'Single-Violation Theory' cause of action." Pl.'s Mem. Opp'n County Mot. 2, Feb. 11, 2015, ECF No. 62.

claims in the case and because, as noted above, the Court declines to expend further time and judicial resources adjudicating the contents of the pleadings.

With respect to Counts II and III of the Fourth Amended Complaint, the County Defendants move to dismiss the County of Chester as a defendant. County Mem. 6-7. Plaintiff acknowledges that "this contention is proper." Pl.'s Mem. Opp'n County Mot. 5. The County Defendants' Motion will be granted as to this aspect of the Fourth Amended Complaint.

The County Defendants further move to dismiss all allegations against the individual Chester County Defendants in their official capacities and, more specifically, move to strike paragraphs 56 and 59. County Mem. 6-8. The Court agrees that the Court's March 31, 2014, Order dismissed all claims against the individual defendants Scotto, Thomas, Rock, Morrissey, Rivera, Reece, Warwick, and Quinones in their official capacities. Op. 47-48. However, the Court will decline to strike paragraphs 56 and 59, again because these are not clearly unrelated to the remaining claims in this case.

The County Defendants move to strike paragraphs 50(a), 50(b), and 50(c) as containing only scandalous and impertinent matter. The County Defendants do not clearly explain why the paragraphs in question are scandalous or impertinent, and the Court does not otherwise perceive a basis for striking this matter. Accordingly, the Motion will be denied to the extent it seeks to strike paragraphs 50(a), 50(b), and 50(c) as scandalous and impertinent matter.

Finally, both the CHOR Defendants and the County Defendants request that Plaintiff be prohibited from filing any further Complaints unless he can demonstrate extraordinary circumstances. The Court will decline to issue an Order to this effect, but observes that it expects that further amendment will be unnecessary.

## V. CONCLUSION

For the foregoing reasons, the Defendants' motions to dismiss and/or strike will be granted in part and denied in part. An appropriate order follows.

**BY THE COURT:**

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.**
**United States District Judge**