UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| JEREMIAH F. KANE, : | |
| as Guardian ad litem of K.J. and I.J.P., : | |
| also known as I.P., both minors, : | |
| : | |
| Plaintiff, : | |
| v. : | No. 5:12-cv-06649 |
| : | |
| CHESTER COUNTY, PENNSYLVANIA; : | |
| SARAH SCOTTO, Caseworker; : | |
| SANDRA THOMAS, Supervisor; : | |
| THE CHILDREN'S HOME OF READING : | |
| YOUTH AND FAMILY SERVICES, INC.; : | |
| MICHAEL ROCK, CHOR Case Manager; : | |
| TRISTA MORRISSEY; : | |
| CARMEN RIVERA, Supervisor; : | |
| KATHRYN REECE, Caseworker; : | |
| NANCY WARWICK, Caseworker; and : | |
| SHADELL QUINONES, Supervisor, : | |
| : | |
| Defendants. : | |

_____

**MEMORANDUM OPINION AND ORDER**

Plaintiff's Motion to Compel, ECF No. 88 – Granted
Defendants' Cross-Motion for a Protective Order, ECF No. 89 – Denied

**Joseph F. Leeson, Jr.**                                                                                     **January 26, 2016**
**United States District Judge**

I.   **Introduction**

Before the court for disposition are: (1) Plaintiff's Motion to Compel Records from the

Children's Home of Reading Youth & Family Services, Inc. ("CHOR"), Michael Rock, and

Trista Morrissey (collectively, "the CHOR Defendants"), ECF No. 88; and (2) the CHOR

1

Defendants' Cross-Motion for a Protective Order, ECF No. 89. For the following reasons, the Court grants Plaintiff's Motion and denies the CHOR Defendants' Motion.

## II.     Background

Minors K.J. and I.J.P., for whom Plaintiff Kane was appointed guardian ad litem, resided with another minor, I.S., in the foster home of Angelica and David Hernandez. See Fourth Am. Compl. ¶¶ 21-24, ECF No. 56. Defendant CHOR was responsible for supervising the Hernandez foster home placement. Id. ¶ 21. Plaintiff alleges that in February 2009, Defendant Trista Morrissey, a CHOR caseworker, reported to Defendant Chester County that during Ms. Morrissey's last visit to the Hernandez foster home, Ms. Hernandez notified her of an incident in which I.S. engaged in sexual misconduct toward K.J. Id. ¶ 24. Plaintiff Kane, who had been appointed as the guardian ad litem of K.J. and I.J.P. by the Court of Common Pleas of Chester County, alleges that this incident was not reported to him or the court. Id. Plaintiff contends that Defendants' failure to report the incident deprived the minors of their federal substantive due process rights by allowing them to remain in an environment where they were subjected to further abuse. Id. ¶¶ 61-62. Plaintiff further contends that such conduct was tortious under Pennsylvania law. Id. ¶¶ 63-69.

The present motions concern Plaintiff's attempt to discover documents related to I.S. In July 2015, Plaintiff served a request for production upon the CHOR Defendants seeking "[a]ll documents referring or related to the other child named [I.S.] residing in the Hernandez home," including "chronologies," "caseworker files," "records relating to this child's experiences with inappropriate sexual misconduct," and "documentation of the incidents with the minor Plaintiffs in this case." Pl.'s Mot. Compel Ex. 2, at 7. The CHOR Defendants objected to Plaintiff's request on grounds of confidentiality. Pl.'s Mot. Compel Ex. 4, at 7-8. In October 2015, the

2

parties agreed to narrow the scope of Plaintiff's request to I.S. related documents "concerning alleged sexual abuse, violence and behavioral problems." See Pl.'s Mot. Compel Ex. 5. In November 2015, the Court held a telephone conference with counsel for all parties and directed the CHOR Defendants to produce a privilege log for any responsive documents it was withholding. Pl.'s Mot. Compel Ex. 7.

Plaintiff subsequently filed the present Motion to Compel, seeking to have the Court compel the CHOR Defendants to produce all documents identified in their privilege log without redaction, with a few exceptions.[1] In response, the CHOR Defendants seek a protective order barring Plaintiff from discovering any of the documents listed in their privilege log.

### III.     Legal Standards: Discovery Generally and Protective Orders

Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." "As an initial matter, therefore, all relevant material is discoverable unless an applicable evidentiary privilege is asserted." Pearson v. Miller, 211 F.3d 57, 65 (3d Cir. 2000). "The presumption that such matter is discoverable, however, is defeasible," and under Rule 26(c), courts have "the discretion to issue protective orders that impose restrictions on the extent and manner of discovery where necessary 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" Id. at 65 (quoting Fed. R. Civ. P. 26(c)).

---

[1]     Namely, (1) the replacement of all references to I.S.'s full name with those initials, (2) the replacement of the full names of any of I.S.'s family members with their initials, (3) redaction of any address or social security number of I.S. or any of I.S.'s family members. See Pl.'s Proposed Form of Order, ECF No. 88. In addition, Plaintiff proposes that each document would be marked as confidential pursuant to the Stipulation of Confidentiality entered between the parties on August 13, 2015. Id. Plaintiff would also permit the CHOR Defendants to redact the names, addresses, and social security numbers of any other minors. See Pl.'s Revised Proposed Form of Order, ECF No. 94.

3

"Rule 26 thus allows for two approaches to seeking the protection of sensitive—but relevant—information." Id. A party "may argue . . . that the information is protected by an evidentiary privilege," or if such privilege is not available, "a party may petition the court for a protective order that limits discovery in accordance with Rule 26(c)." Id. "The court, in its discretion, is authorized by [Rule 26(c)] to fashion a set of limitations that allows as much relevant material to be discovered as possible, while preventing unnecessary intrusions into the legitimate interests—including privacy and other confidentiality interests—that might be harmed by the release of the material sought." Id.

"Such a protective order is only appropriate, however, where the party seeking the order 'show[s] good cause by demonstrating a particular need for protection.'" Id. at 72 (quoting Pansy v. Borough of Stroudsburg, 23 F.3d 772, 787 (3d Cir. 1994)). "To make a showing of good cause, the party seeking confidentiality has the burden of showing the injury 'with specificity.'" Id. (quoting Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984)). In Pansy and in a later decision, Glenmede Trust Co. v. Thompson, 56 F.3d 476 (3d Cir.1995), the United States Court of Appeals for the Third Circuit listed seven factors that a court should consider in determining whether to grant a protective order:

> 1) whether disclosure will violate any privacy interests;
> 2) whether the information is being sought for a legitimate purpose or for an improper purpose;
> 3) whether disclosure of the information will cause a party embarrassment;
> 4) whether confidentiality is being sought over information important to public health and safety;
> 5) whether the sharing of information among litigants will promote fairness and efficiency;
> 6) whether a party benefitting from the order of confidentiality is a public entity or official; and
> 7) whether the case involves issues important to the public.

Glenmede, 56 F.3d at 483 (citing Pansy, 23 F.3d at 787–91).

**IV.     Analysis**

The Court finds that the I.S. related documents concerning alleged sexual abuse, violence, and behavioral problems are relevant to the present action because they bear on CHOR's oversight of the placement of Plaintiff's minors in the Hernandez foster home. Accordingly, the documents are discoverable unless the CHOR Defendants are able to assert an evidentiary privilege or show good cause for a protective order barring their discovery. Although the CHOR Defendants indicated in their privilege log and in earlier correspondence with Plaintiff and the Court that, for various reasons, at least some of the documents were privileged, the CHOR Defendants make no claim of privilege in their response to Plaintiff's motion to compel their production. Rather, they contend that good cause exists to forbid Plaintiff from discovering any of the I.S. related documents sought by Plaintiff. Defs.' Mem. Supp. 1.

In particular, the CHOR Defendants focus on the first of the seven Pansy factors listed above, contending that there is "a heightened privacy right of I.S. . . . which will be violated if CHOR is ordered to produce his complete file." Id. at 6-7.[2] Further, the CHOR Defendants argue that the privacy rights of others identified in the documents, such as I.S.'s family members and other minors, will also be violated if the documents are produced. Id. at 7. The CHOR Defendants also contend that confidentiality provisions contained in Chapter 3680 of Title 55 of the Pennsylvania Code, governing the administration of children and youth social service agencies such as CHOR, prohibit CHOR from disclosing the documents. Id. at 7-9. Specifically, they cite 55 Pa. Code § 3680.34, which provides that "[i]nformation that may identify a child or the family, as well as other information contained in the client record, is confidential" and Section 3680.35, which places restrictions on the "[r]elease of information in client records."

---

[2]     Plaintiff asserts in his reply that Plaintiff does not seek I.S.'s complete file but rather only documents concerning alleged sexual abuse, violence, or behavioral problems. Pl.'s Reply Br. 8, ECF No. 92.

Plaintiff also cites <u>V.B.T. v. Family Servs. of W. Pa.</u>, 705 A.2d 1325 (Pa. Super. Ct. 1998), in which the Superior Court of Pennsylvania held that the confidentiality provisions contained in Chapter 3680 of Title 55 "explicitly impose a duty of confidentiality upon [a]. . . foster family care agency" with respect to information in client records. <u>See</u> <u>V.B.T.</u>, 705 A.2d at 1334 n.13.

Plaintiff responds that his request is "carefully tailored to protect the interests" of I.S. and avoid substantial violation of I.S.'s privacy rights. Pl.'s Reply Br. 6. Specifically, Plaintiff asserts the protections he has proposed, which would allow for I.S.'s records to be appropriately redacted, protected from dissemination outside of the present litigation, and destroyed by the parties at the conclusion of this litigation, "would most appropriately balance any need for confidentiality with the need of Plaintiff to develop [his] case." <u>Id.</u> at 5. Further, Plaintiff argues that the records "will not be used in any manner that could be harmful to the interest of IS" and "will be directed only to proving Plaintiff's claims and what CHOR and Chester County knew or should have known with respect to the ongoing danger in which they placed the Plaintiff's Minors." <u>Id.</u> at 6.

In sum, the present dispute concerns the balancing of significant confidentiality interests protected under the laws of Pennsylvania with the "very weighty consideration" of Plaintiff's "need for probative evidence." <u>See</u> <u>Pearson</u>, 211 F.3d at 69. The Third Circuit provided a framework for addressing such concerns in <u>Pearson</u>, in which the plaintiff sought information in the possession of defendant Luzerne County Children and Youth Services, Inc. ("LCCYS") and defendant KidsPeace National Centers for Kids in Crisis, Inc. ("KidsPeace") concerning defendant Miller, who was a foster child under the supervision of LCCYS and KidsPeace when he sexually assaulted the plaintiff's daughter. In view of a release signed by Miller, the district court had fashioned an order that compelled discovery of Miller's records "except to the extent

that such material contained information the release of which would violate the rights of third parties protected by . . . Pennsylvania [confidentiality] statutes." Id. at 61. For example, the district court's order imposed restrictions pursuant to 55 Pa. Code § 3680.35 – one of the confidentiality regulations cited by the CHOR Defendants in the present case – under which the defendants were to "redact the names and other identifying information of individuals other than Mr. Miller, when the disclosure of such information would violate the legitimate privacy expectations of any individual other than Mr. Miller." Id. at 64 n.5.

In reviewing the district court's order, the Third Circuit held that because "discovery disputes in federal courts are governed by federal law," the Pennsylvania confidentiality provisions relied on by the district court did not "directly govern the . . . dispute." Id. at 61.[3] Nevertheless, the court held that "[c]onsiderations of comity require that [it] at least consider" the confidentiality rights and privileges granted by the relevant state provisions, "although [the court's] ultimate task remains the determination of the issue of whether privileges associated with these statutes and the confidentiality that they seek to protect are cognizable under Federal Rule of Evidence 501." Id. at 69. In particular, the Pearson court closely considered whether Pennsylvania's Child Protective Services Law, which mandates that reports of child abuse are to be made available only to a limited number of persons, might protect interests that are also protected by a federal privilege. Id. at 70. The court observed that in addition to the child who is the subject of such a report, "it is evident that a large number of [other] persons have significant interests in maintaining the confidentiality of the kinds of records here sought." Id. at 71. Thus, "[i]f [the court] were to recognize a privilege that protected all of the interests at which the

---

[3] The Pearson court observed that "[i]n general, federal privileges apply to federal law claims, and state privileges apply to claims arising under state law." Id. at 66. In Pearson, however, as in the present case, the discovery dispute concerned material relevant to both federal and state claims. See id. at 66. The court held that under such circumstances Federal Rule of Evidence 501 "directs us to apply federal privilege law." Id.

7

confidentiality provisions of the Pennsylvania statutes are directed, Mr. Miller's waiver would not be adequate to waive the privilege in its entirety." Id. However, the court found that "the same factor that would allow these privileges to survive Mr. Miller's waiver—the number and variety of interests that [defendants] would have us hold to be a basis for such privileges—makes them poor candidates for the protection of a Rule 501 privilege" because such privileges would be "extremely broad and unwieldy to enforce." Id. In short, the court determined that "Rule 501 is unsuited for the kind of privilege that [the defendants] have requested: one that maintains its protection despite the express waiver of the primary holder of interests in confidentiality." Id. at 72.

The Pearson court observed, however, that its rejection of the federal privilege sought by the defendants "should not be taken to amount to a determination that the unhindered release of the information here in dispute is appropriate." Id. Rather, the court held that, "[g]iven the potential weight of the considerations in favor of confidentiality of the information," a protective order issued pursuant to Rule 26(c) may be appropriate. Id. The court observed that the "flexibility of Rule 26 . . . allows the court to take into account the particular needs of the parties at the present stage of litigation." Id. at 73. In this respect, the court further observed that the plaintiff's attorneys were "simply interested in developing her case" and that a restriction that "prevented anyone other than counsel from viewing or learning the contents of any of the material sought . . . seems entirely sensible at this point, since any restrictions that would (a) further legitimate interests in confidentiality, but (b) would not interfere with [the plaintiff's] needs at this early stage would be appropriate." Id. Accordingly, the Pearson court remanded the case to the district court to entertain requests for protective orders under Rule 26(c). Id. at 74. The Pearson court further instructed that in crafting any such order, the district court should

8

avoid placing conditions on discovery solely in order to conform to "inapplicable Pennsylvania law." Id. Rather, "[a] more apt approach to the resolution of th[e] dispute would focus less on the letter of the Pennsylvania statutes than on an accommodation of plaintiff's legitimate discovery interests with the legitimate interests of third parties in the confidentiality of portions of the requested material." Id. at 73.

As set forth above, Pearson provides a framework for considering "the relationship between state confidentiality provisions and federal discovery requirements." See L.W. v. Lackawanna Cty., No. 3:14-CV-01610, 2015 WL 6406809, at *2 (M.D. Pa. Oct. 22, 2015). However, in Pearson the "primary holder" of interests in confidentiality – Miller – had expressly waived those interests, and so the court was concerned only with the interests of other persons whose privacy might be compromised by the release of the information. See id. at 72. In the present case, by contrast, the primary holder of interests in confidentiality, I.S., has not waived his interests. However, a number of courts in this circuit have applied Pearson to situations similar to the present case in which the privacy interests of subjects of child-abuse-related records were under consideration. Consistent with the flexible approach recommended in Pearson, these courts have permitted limited discovery of such records subject to conditions imposed pursuant to Rule 26.

In Charlie H. v. Whitman, 213 F.R.D. 240 (D.N.J. 2003), the court considered the privacy interests of the subjects of case records held by New Jersey Division of Youth and Family Services ("DYFS") case records. In that case, a group of newspapers moved to intervene to seek to have certain of the case records revealed to the public. Id. at 242-43. The defendants opposed such disclosure, contending the information sought was protected by New Jersey confidentiality statutes. Id. at 244. The court observed that it was "acutely aware that the subjects of the DYFS'

9

case records are children, and indeed, New Jersey's most vulnerable children," and that the court "in no way want[ed] to subject these children to more pain or embarrassment than they may have already suffered." Id. at 248. However, the court found that the interveners sought the DYFS case records "for a legitimate purpose," namely to investigate and report to the public "and not . . . to compromise [DYFS's] confidential reporting system as well as the privacy interests of the parties involved." Id. Moreover, citing Pearson, the court observed that the defendants "need[ed] to do more than assert non-binding state confidentiality statutes to support their contention that release of case records may compromise the privacy interests" in question. Id. Accordingly, the court "conduct[ed] a balancing of the interests of the respective parties," id. at 247, and permitted disclosure of a limited set of documents, provided that any identifying information would be redacted prior to dissemination, id. at 251.

Likewise, in L.W. v. Lackawanna County, No. 3:14-CV-01610, 2015 WL 6406809 (M.D. Pa. Oct. 22, 2015), the court, applying Pearson, found that state confidentiality provisions did not preclude the discovery of "investigative records pertaining to child abuse in foster homes at [the present] stage in the litigation," where the plaintiffs sought such records in order to develop their Monell claims. Id. at *2. However, finding that the development of the plaintiffs' Monell claims did "not require the disclosure of specific identifying information at this juncture," the court issued a protective order requiring the "redaction of any identifying information from those investigative reports so long as they are able to follow the narrative of each report without those identifying characteristics." Id. In this way, the court "maintain[ed] the confidentiality of those child abuse victims and perpetrators not subject to [the] litigation while not interfering with Plaintiffs need for the investigative reports to develop [the] case." Id.

Here, Plaintiff seeks the I.S. related records for the legitimate purpose of developing his case and obtaining a fuller understanding of CHOR's oversight of the Hernandez placement. In view of the flexible approach recommended by the <u>Pearson</u> court, the Court finds that a complete prohibition of discovery of the I.S. related materials is unwarranted, despite the weighty confidentiality interests at stake. Rather, the restrictions, redactions, and provisions Plaintiff has proposed sufficiently balance, at this stage of the proceedings, "the need to protect sensitive information with the need to make relevant material available." <u>See</u> <u>Pearson</u>, 211 F.3d at 72. The Court therefore grants Plaintiff's Motion to Compel and denies the CHOR Defendants' Cross-Motion for a Protective Order, as follows.

**V.    Order**

**ACCORDINGLY**, this 26th day of January, 2016, **IT IS ORDERED** as follows:

1. Plaintiff's Motion to Compel, ECF No. 88, is **GRANTED**.

2. The CHOR Defendants' Motion for a Protective Order, ECF No. 89, is **DENIED**.

3. No later than February 10, 2016, the CHOR Defendants shall produce to Plaintiff's counsel all documents concerning alleged sexual abuse, violence, and behavioral problems identified in their Privilege Log without redactions, except that:

    a. The CHOR Defendants shall replace any instances of the full name of minor referred to as "I.S." with the initials "I.S.";

    b. The CHOR Defendants shall replace the names of all natural or step family members of I.S. with the first and last initial of each person's name;

    c. The CHOR Defendants shall redact the social security numbers and addresses of I.S. and I.S.'s natural or step family members;

    d.  The CHOR Defendants shall redact the names, social security numbers, and addresses of all minors referenced in the documents;

    e.  The CHOR Defendants shall mark each page produced "CONFIDENTIAL," and all parties to this action shall treat each document as confidential pursuant to the Stipulation of Confidentiality entered between the parties attached to Plaintiff's Motion to Compel as Exhibit 3.

4. No later than February 10, 2016, with respect to any documents that the CHOR Defendants have previously produced in this action that contain redactions of the names of I.S. or I.S.'s natural or step family members, the CHOR Defendants shall provide revised copies of those documents that substitute the initials of those persons in lieu of complete redactions.

5. All documents (and all copies made thereof, if any) produced to Plaintiff pursuant to this Order shall be destroyed by Plaintiff's counsel at the conclusion of this litigation.

                                                          BY THE COURT:

                                                          */s/ Joseph F. Leeson, Jr.*_____
                                                          JOSEPH F. LEESON, JR.
                                                          United States District Judge